UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00172-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HECTOR RENE GARCIA-ZAMBRANO,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion for Franks Hearing filed on November 8, 2006. [Docket # 68]. On December 5, 2006, the Government filed a Response in Opposition to Defendant's Motion for Franks Hearing. [Docket #71]. Defendant asserts that there are inconsistencies between an initial report ("Report") created by the investigating officer, Officer Fitzgibbons, and the subsequent Affidavit in Support of a Search Warrant ("Affidavit") prepared by Detective Saunders. Defendant argues that these inconsistencies constitute deliberate and/or recklessly false information within the Affidavit, warranting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

The Supreme Court in *Franks v. Delaware*, 438 U.S. 154 (1978) held that if

> . . . Defendant makes a preliminary showing that a false statement is knowingly and intentionally, or with reckless disregard for the truth, was included by the Affiant in the Warrant Affidavit, and that allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the Defendant's request. In the event that at that hearing the allegation of perjury or reckless

disregard is established by the defendant by a preponderance of the evidence, and, with the Affiant's false material set to one side, the Search Warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the Affidavit. *Id.* at 155-46.

The Tenth Circuit has applied this rationale to cover material that has been deliberately or recklessly omitted from a Search Warrant Affidavit. *Stewart v. Donges*, 915 F.2d 572, 582-83 (10th Cir. 1990); *United States v. Knapp*, 1 F.3d 1026 (10th Cir. 1993). As *Franks* held,

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of the nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. *Franks*, 438 U.S. at 171-172.

The defendant must make a "substantial preliminary showing that intentional or reckless false statements are included in an affidavit supporting a search warrant and that the affidavit without the false statements is insufficient to support a finding of probable cause. *United States v. Corral-Corral*, 899 F.2d 927, 933 (10th Cir. 1990), citing *Franks*, 438 U.S. at 171.

Defendant identifies four areas where the Affidavit varies from the Report. First, there are inconsistencies regarding the period of time that Officer Fitzgibbons had

worked for Premier Lofts and over what period of time the property manager had contacted Officer Fitzgibbons about the Defendant's residence. [Docket #68, ¶¶ 5-6]. The Report indicates that these time periods are longer than in those reflected in the Affidavit.  Second, the Report states that the reason the property manager contacted Officer Fitzgibbons was because she smelled marijuana emanating from the residence, while the Affidavit states that the reason the property manager contacted Officer Fitzgibbons was because there was a large amount of pedestrian traffic coming to and from the apartment at all hours of the day.  Third, the Affidavit failed to include the five times that Officer Fitzgibbons came into contact with the Defendant which were described in the report.  Defendant urges that this omission is important as the Affidavit states that the Officer attempted to contact the Defendant but he refused to cooperate with him.  Fourth, the Affidavit indicates that other tenants complained about the residence; the Report, on the other hand, does not indicate that any other tenants complained about the premises.  Omitting this information from the Affidavit would potentially alter the finding of probable cause or necessity.

For the foregoing reasons, I find that Defendant has met his initial burden of demonstrating that this Court should conduct a *Franks* hearing.

Accordingly, it is ORDERED that Defendant's Motion for Franks Hearing is **GRANTED**.  This hearing remains set for **January 11, 2007, at 1:30 p.m.**

Dated: January 10, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge