UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00172-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HECTOR RENE GARCIA-ZAMBRANO,

    Defendant.
_____

**ORDER**
_____

THIS MATTER came before the Court for a status conference on Wednesday, September 17, 2008. By way of background, on August 7, 2008, Mr. Harvey Steinberg filed a motion to withdraw as counsel of record for the Defendant. I granted the motion on August 13, 2008. Accordingly, the Defendant was present at the status conference *pro se*. The Defendant stated that he was unaware that Mr. Steinberg had withdrawn as his counsel in this case and noted that Mr. Steinberg's recent statements to him were at variance with the representations stated in the August 7, 2008 motion. I gave the Defendant courtesy copies of Mr. Steinberg's motion and the Order granting the motion. At the status conference, the Government made an oral motion for an ends of justice continuance pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(iv) in order for new defense counsel to be appointed and obtain and review the file in this matter.

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The

Tenth Circuit recently held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. See 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. 18 U.S .C. § 3161(h)(8). This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49. However, the *Williams* Court cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Court, having carefully considered the request, and being fully advised in the premises, hereby finds that the Government's oral motion for an ends of justice

continuance should be granted pursuant to 18 U.S.C. § 3161(h)(8)(B)(A) and (B)(iv) for the reasons stated on the record at the status conference. I find that the failure to grant a continuance in this case would deny the Defendant and his newly appointed counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv). Additionally, the continuance will allow the Defendant, if he wishes, to speak with Mr. Steinberg about their apparent miscommunication.

Based on the above, I find that the ends of justice served by an additional forty-five (45) day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

Based on the foregoing, it is

ORDERED that the Government's oral motion for an ends of justice continuance made at the status conference on Wednesday, September 17, 2008, is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv). In accordance therewith, it is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **forty-five (45) days**. It is

FURTHER ORDERED that Mr. Edward Pluss of the Federal Public Defender's Office is appointed as counsel of record for the Defendant in this matter. Thus, he is ordered to file an entry of appearance with the Court as soon as possible. It is

FURTHER ORDERED that both the Government and Mr. Steinberg are ordered to turn over all information pertaining to this case to Mr. Pluss. It is

FURTHER ORDERED that counsel for the Government and Mr. Pluss shall file a joint status report with the Court not later that **Friday, October 17, 2008.** It is

FURTHER ORDERED that the Clerk of the Court shall send this Order to both Mr. Harvey Steinberg and Mr. Edward Pluss.

Dated: September 17, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge